UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ROBERT SCOTT,

        Petitioner,                                NOT FOR PUBLICATION
-v-                                              **MEMORANDUM & ORDER**
                                                      07-CV-4039 (CBA)

UNITED STATES OF AMERICA,

        Respondent.
-------------------------------------------------------------------x
AMON, United States District Judge:

      Robert Scott, pro se, has filed a petition for habeas corpus, 28 U.S.C. § 2255, which asks the Court to set aside his convictions of possession with intent to distribute cocaine base, 18 U.S.C. § 841, and carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking crime, 18 U.S.C. § 924(c).  In support of his petition, Scott—who pleaded guilty to the charges of which he was convicted—alleges that his attorney was ineffective for (1) failing to move to dismiss the indictment as insufficiently specific; (2) failing to investigate and present mitigation evidence at sentencing; and (3) failing to file a direct appeal.  The government argues that Scott's petition is time barred because he filed it more than one year from the date on which his conviction became final and that, even if the petition is timely, it lacks merit.

      For the reasons that follow, the Court denies Scott's petition.

## BACKGROUND

      Scott was first indicted in April 2005 for possession with intent to distribute fifty grams or more of cocaine base.  At the time, Scott was represented by attorney Paul Rinaldo.  Attorney Richard Lind replaced Rinaldo in July 2005.  In August 2005, the grand jury returned a superseding indictment that charged Scott with one count of possession with intent to distribute

1

cocaine base and one count of carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking crime. With respect to Count One, the indictment alleged that "[i]n or about between 2002 and 2005, . . . within the Eastern District of New York, the defendant" knowingly possessed with intent to distribute at least fifty grams of cocaine base. With respect to Count Two, the indictment alleged that "[i]n or about and between 2002 and 2005, . . . within the Eastern District of New York, the defendant" carried a firearm during and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime. In August 2005, Scott pleaded guilty to both counts without a plea agreement.

In July 2006, attorney Anthony Ricco, who relieved Lind after Scott pleaded guilty, filed a sentencing memorandum on behalf of his client. In that memorandum, Ricco urged the Court to sentence Scott to a term of imprisonment of fifteen years, which was the statutory mandatory minimum sentence. Ricco argued that that below-guidelines sentence was appropriate in light of several considerations, including the fact that Scott was "completely abandoned by his father"; was abandoned by his mother, who was addicted to drugs; was beaten with an extension cord by his mother when she sometimes visited Scott at his grandmother's house, where he lived after his mother left; was placed in foster care at the age of twelve; was physically and emotionally abused in the foster care system; and began using drugs "heavily" at about the time he entered the foster care system. The government opposed Ricco's filing and urged the Court to sentence Scott within the advisory guidelines range of 168 to 210 months of imprisonment on Count One and 60 consecutive months of imprisonment on Count Two.

On August 15, 2006, the Court sentenced Scott to serve a term of imprisonment of fifteen years, which was the statutory mandatory minimum sentence. The Court informed Scott, "Mr. Scott, if you think the Court has made an error in imposing your sentence, any notice of appeal

would have to be filed within ten days of today." The Court asked Scott if he understood that fact and Scott said that he did. The Court then explained: "Essentially the Court has given you the sentence that is actually the mandatory minimum as required by law but if you think I made a mistake, you have ten days to file an appeal." The Court entered judgment on the same day that it imposed sentence. Scott did not appeal.

On September 18, 2007, Scott placed a section 2255 habeas petition in the prison mail. That petition, which is now before the Court, raised three claims. First, it alleged that Scott received ineffective assistance of trial counsel because his attorney did not "file a pre-trial motion to dismiss the indictment for its in-sufficiency [sic]. During the dates on the indictment the petitioner was in and out of jail, and the specificity of the charges left him in the dark as to what to defend himself on." Second, it alleged that Scott's attorney was ineffective for failing "to investigate mitigating circumstances of [Scott's] psychological history, poor education skills, and attempted suicide which would [have] called for a downward departure at [Scott's] sentence for a diminished capacity." Third, liberally construed, the petition also alleged that Scott's attorney as ineffective for not filing a direct appeal. The petition does not explain what claims Scott's attorney might have raised on appeal.

On August 14, 2008, the government filed its opposition to Scott's petition. The government argued first that Scott's petition was untimely because he did not file it within one year of the date on which his conviction became final. According to the government, Scott's conviction became final on August 25, 2006, ten days after the Court entered judgment. The government also argued that, even if Scott's petition was timely filed, it lacks merit. With respect to the allegation that Scott's attorney should have investigated and presented mitigation evidence at sentencing, the government said that Scott's attorney "made an extensive

presentation of sentencing mitigation factors," and, even if the attorney should have done more, Scott cannot prove that he was prejudiced by his attorney's inadequate performance because Scott received the lowest sentence permitted by law. With respect to the allegation about the indictment, the government argued that the indictment was plainly specific enough; that Scott was fully aware of the charges against him because he was provided with "extensive discovery, including his own post-arrest statements admitting to the charged crimes"; and that Scott acknowledged that he understood the charges when he pleaded guilty. Finally, with respect to the allegation about the direct appeal, the government urged that "Scott has identified no basis on which he would have a meritorious or even colorable appellate claim." Scott did not file a reply to the government's opposition even though, in December 2008, the Court provided him notice of his right to file a reply.

## DISCUSSION

The Court denies Scott's petition because it is untimely, and, even if it is not, it lacks merit.

**I. Time Bar**

Relevant here, a federal habeas petition under section 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. The Second Circuit has held "that, for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). When Scott was sentenced in 2006, the Federal Rules of Appellate Procedure provided, "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of . . . the judgment or the order

being appealed." Fed. R. App. P. 4(b)(1)(A)(i). When Scott was sentenced, intermediate Saturdays and Sundays were excluded when counting those ten days. Fed. R. App. P. 26(a)(1).

In view of these principles, Scott's petition is clearly untimely. The Court entered Scott's judgment of conviction on August 15, 2006. That judgment of conviction became final ten days (excluding intermediate Saturdays and Sundays) from that date, which means it became final on August 29, 2006. Scott had one year from that date to file his section 2255 petition, but he failed to file until September 18, 2007, almost three weeks late. Except for the statement in his petition that Scott has "only a 5th grad[e] educ[ation] and did not understand . . . how to file a § 2255" petition, Scott has made no effort to explain his untimely filing. Consequently, he is not entitled to equitable tolling. See Jenkins v. Greene, - - F.3d - -, No. 09-3623, 2010 WL 5186019, at *5 (2d Cir. Dec. 23, 2010) (pro se petitioner not entitled to equitable tolling where his failure to timely file was based upon his "mistaken reading of New York case law"); Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000) (pro se status does not merit equitable tolling) (citing Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("We have held that neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.")). Scott's petition is thus barred by section 2255's one-year statute of limitations.

## II. Merits

Even if the applicable statute of limitations does not bar Scott's petition, the Court denies Scott's petition as without merit.

### A. Failure to Move to Dismiss the Indictment

Scott cannot challenge his attorney's failure to move to dismiss the indictment because Scott pleaded guilty to the charges contained in that indictment.

5

"The settled rule is that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." Lebowitz v. United States, 877 F.2d 207, 209 (2d Cir. 1989). The receipt of ineffective assistance of counsel prior to a guilty plea is a non-jurisdictional defect that falls within this rule. United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996) (defendant who pleads guilty unconditionally with counsel may "only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards"); United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997); Smith v. Burge, No. 03 Civ. 8648, 2005 WL 78583, at *8 (S.D.N.Y. Jan. 12, 2005) ("A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.").

Here, Scott does not allege or offer any evidence that his guilty plea was anything other than knowing and intelligent. As Ricco, Scott's attorney at sentencing, stated in the sentencing memorandum that he submitted to the Court, "[d]uring [Scott's] plea allocution, the court conducted a thorough and exacting inquiry" and Scott pleaded guilty to the charges in the superseding indictment. Consequently, Scott cannot now attack his conviction by arguing that his attorney should have moved to dismiss the indictment sometime before Scott knowingly and intelligently pleaded guilty to the offenses with which he was charged. See Lear v. Poole, 711 F. Supp. 2d 288, 298 (W.D.N.Y. 2010) (defendant cannot press argument that attorney should have moved to dismiss the indictment for providing insufficient notice of the acts charged); Schwartz v. Connell, No. 05 Civ. 10305, 2006 WL 3549660, at *4–5 (S.D.N.Y. Dec. 6, 2006) (cannot press ineffective assistance claim premised on fact that attorney failed to move to dismiss the indictment as duplicative).

**B. Failure to Investigate and Present Evidence at Sentencing**

Scott also cannot succeed on his claim that his attorney was ineffective for failing to investigate and present at sentencing evidence of his psychological history, poor education, and prior suicide attempt. It is well settled that in order to establish that his attorney was ineffective for failing to locate and present that evidence, Scott must prove not only that a constitutionally adequate attorney would have located and presented the evidence that his attorney did not, but also that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). In Scott's case, that means proving that there is a reasonable probability that his attorney's errors caused him to receive a more severe sentence than he otherwise would have received.

Here, even if Scott's attorney should have done more than he did, Scott cannot establish that he was prejudiced by his attorney's inadequate performance. As the Court has said, Scott received a statutory mandatory minimum sentence. For that reason, nothing that Scott's attorney could have done by way of gathering and presenting mitigation evidence could have earned Scott a more favorable sentence. Consequently, Scott's claim of ineffective assistance of counsel fails. See United States v. Luciano, 158 F.3d 655, 661–62 (2d Cir. 1998) ("Because the district court lacked discretion to sentence Parise to any lesser period of jail time, the outcome of the proceeding in which the constitutionally deficient representation occurred could not possibly have been any different."); Deloir v. United States, No. 07 Civ. 10633, 2009 WL 1883263, at *5 (S.D.N.Y. June 30, 2009) ("It is additionally clear that Petitioner was not prejudiced by any alleged errors of counsel at sentencing: Petitioner does not allege that but for counsel's errors he would have received a different sentence, nor could he, given that he received the statutory

mandatory minimum sentence."); Jimenez v. United States, 262 F. Supp. 2d 85, 89–90 (S.D.N.Y. 2003) ("At sentencing the Court imposed the that mandatory minimum sentence. The sentence imposed was the lowest allowed by law. Accordingly, Jimenez cannot establish prejudice.").

**C. Failure to File an Appeal**

Scott's cursory allegation—which the government treats as, and the Court assumes is, a separate ground on which Scott hopes to secure habeas relief—that his attorney was constitutionally ineffective for not filing a direct appeal does not establish his entitlement to relief.

The familiar two-part test of Strickland v. Washington governs claims of ineffective assistance that are based on an attorney's failure to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470, 476–77 (2000). The Supreme Court held in Flores-Ortega that a defendant challenging his attorney's failure to file an appeal can succeed in one of two ways. First, he can establish that he specifically instructed his attorney to file a notice of appeal and that his attorney disregarded that specific instruction. A defendant who establishes those facts is entitled to a finding that his attorney rendered professionally unreasonable assistance, a conclusive presumption of prejudice, and an opportunity to file a direct appeal. Id. at 477, 483–84; see also Campusano v. United States, 442 F.3d 770 (2d Cir. 2006) (attorney who ignores specific instruction to appeal renders ineffective assistance even where defendant has pleaded guilty and executed an appeal waiver).

Alternatively, a defendant who did not specifically instruct his attorney to file an appeal may establish ineffective assistance and his entitlement to an opportunity to file an appeal by challenging his attorney's failure to consult with him about appealing. To prove deficient attorney performance in a no-consultation case, a defendant must prove that his attorney did not

8

consult with him about the merits of taking an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480. "Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Id. With respect to this prejudice inquiry, the Supreme Court has instructed that a defendant is entitled to relief when his attorney did not consult with him about the merits of taking an appeal and "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484. The Supreme Court recognized that this prejudice analysis "is not wholly dissimilar from the inquiry used to determine whether counsel performed deficiently in the first place; specifically, both may be satisfied if the defendant shows nonfrivolous grounds for appeal." Id. at 486.

Scott has not established that his attorney rendered ineffective assistance of counsel. First, Scott has not proved that his attorney performed unreasonably. Scott has not alleged that he told his attorney that he was interested in appealing his sentence and nothing in the record suggests that Scott requested or authorized his attorney to file a notice of appeal.[1] See Sarroca v. United States, 250 F.3d 785, 787–88 (2d Cir. 2001). There is also nothing to suggest that Scott's attorney, even if he failed to consult with Scott, should have thought that his client wanted to appeal. Scott pleaded guilty and received the favorable sentence for which his attorney

---

[1] The Court has considered and rejected the possibility of holding an evidentiary hearing to determine whether Scott ever specifically asked his attorney to file a notice of appeal because Scott has not alleged, and the record contains nothing to suggest, that he did. Cf. United States v. Sandoval–Lopez, 409 F.3d 1193, 1198 (9th Cir. 2005) (pro se petitioner entitled to a hearing where he alleged that he asked his attorney to file an appeal and his attorney ignored his request).

advocated and to which Scott did not object, which is strong evidence that Scott wanted to end the judicial proceedings, not to file an appeal. Id. at 788 (finding adequate performance under Flores-Ortega even where the defendant, who pleaded guilty, did not execute an appeal waiver); cf. United States v. Shedrick, 493 F.3d 292, 301 (3d Cir. 2007) (defendant reasonably indicated interest in filing an appeal by "vehemently contesting the factual issues that led to his upward departure throughout the District Court proceedings"). Moreover, the record does not provide any reason to think that a rational defendant in Scott's position would have wanted to appeal because nothing in the record suggests any non-frivolous ground on which Scott might have based an appeal. Scott knowingly and intelligently pleaded guilty and received the lowest sentence of incarceration permitted by law. Accordingly, even if Scott's attorney did not consult with him about appealing, the attorney did not render constitutionally deficient performance. See Sarroca, 250 F.3d at 789; Bednarski v. United States, 481 F.3d 530, 536 (7th Cir. 2007).

Second, Scott has not established prejudice from any inadequate performance. The record contains no allegation and no evidence that Scott specifically asked his attorney to file an appeal, so he is not entitled to a presumption of prejudice. Moreover, Scott has not established a "reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Flores-Ortega, 528 U.S. at 484. As the Court has explained, Scott pleaded guilty and received the sentence for which his attorney advocated. He also told the Court that he understood his right to appeal and then, so far as the record reveals, did nothing to pursue an appeal after conviction.[2] Accordingly, there is no reason to think that Scott would have timely appealed, regardless of the odds that any appeal would have succeeded.

---

[2] On September 4, 2007, two weeks before he filed his habeas petition, Scott did write the court for a copy of his criminal docket sheet because he "need[ed] to file [his] appeal." But this does not appear to have been part of an effort to file a late appeal. Given that Scott filed a habeas petition soon after he wrote this letter, the writing appears to have been part of an effort to secure documents in aid of his habeas petition, which Scott mistakenly described as an appeal.

10

Moreover, nothing in the record suggests any non-frivolous ground on which Scott might have based an appeal. For all of these reasons, the Court cannot say that there is any possibility at all that Scott would have appealed if his attorney had talked to him about appealing. See Bednarski, 481 F.3d at 536–37; Sarroca, 250 F.3d at 789.

In sum, Scott has not established that his attorney, who did not file a notice of appeal, rendered ineffective assistance of counsel.

## CONCLUSION

Scott's petition for a writ of habeas corpus is denied. Because Scott has not made a "substantial showing of the denial of a constitutional right," no certificate of appealability shall issue. 28 U.S.C. § 2253(c). The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.


Dated: Brooklyn, New York
      January 13, 2011

_____/s/_____
Carol Bagley Amon
United States District Judge